IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-40068
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNEDY PETER GAMBOA,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. M-99-CR-336-1
_____

July 12, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In this direct criminal appeal, Kennedy Peter Gamboa argues that the district court did not afford him the right to allocution before sentencing him to 70 months of imprisonment upon his guilty plea to illegal reentry after deportation. The government concedes the issue.

Rule 32 of the Federal Rules of Criminal Procedure mandates that a defendant be given the opportunity "to make a statement and

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[] present any information in mitigation of sentence." Fed. R. Crim. P. 32(c)(3)(C); United States v. Myers, 150 F.3d 459, 462 (5th Cir. 1998). To comply with Rule 32, "the court, the prosecutor, and the defendant must at the very least interact in a manner that shows clearly and convincingly that the defendant knew he had a right to speak on any subject of his choosing prior to the imposition of sentence." Myers, 150 F.3d at 462. It is not enough that the sentencing court addresses a defendant on a particular issue, affords counsel the right to speak, or hears the defendant's specific objections to the presentence report. Id. at 461-62 & n.3. We review a determination whether the defendant was allowed his right to allocution de novo. Id. at 461.

A review of the sentencing transcript reveals that the district court did not afford Gamboa his right to allocution. Accordingly, Gamboa's sentence is VACATED, and the case is REMANDED for resentencing so that Gamboa may exercise his right to allocution.

Gamboa also argues that the district court did not depart downward from the guidelines sentence in his case because it mistakenly believed that it lacked the authority to do so. Although this court lacks jurisdiction to review a sentencing court's refusal to grant a downward departure based on a determination that a departure is not warranted on the facts of the

2

case, jurisdiction is present if the court mistakenly believed that it lacked the authority to depart. <u>United States v. Palmer</u>, 122 F.3d 215, 222 (5th Cir. 1997).

Read in their entirety, the district court's comments reveal that although the court perhaps was sympathetic to Gamboa's reasons for reentering this country, the court declined to depart based on the facts of the case. Accordingly, this court lacks jurisdiction to review the denial of the departure. <u>See</u> <u>Palmer</u>, 122 F.3d at 222.

VACATED and REMANDED for resentencing.